**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **CHOICE HOTELS, INTERNATIONAL, INC.,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-16-1316 |
| **JITENDRA PATEL,** | * | |
|  | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Choice Hotels, International, Inc. ("Choice") brings the instant Application to confirm an arbitration award granted to remedy Plaintiff Jitendra Patel's alleged violation of a Franchise Agreement he entered with Choice. Pl.'s Appl. Confirm, ECF No. 1. In a pre-motion conference request, which I construed as a Motion to Dismiss, Letter Order, ECF No. 9, Patel argues (1) that the Court lacks subject-matter jurisdiction over the matter, is the improper venue for the matter to be resolved, and cannot exercise personal jurisdiction over him; (2) that he received insufficient service of arbitration notices; and (3) that the Application does not state a claim for which relief can be granted, Def.'s Mot. ECF No. 6. Choice filed an Opposition, Pl.'s Opp'n, ECF No. 10, and Patel filed a Reply, ECF No. 11. No hearing is necessary. Loc. R. 105.6 (D. Md.). For the reasons provided herein, I will DENY Patel's Motion.

**Background**

In February 2009, Choice and Patel entered into a Franchise Agreement ("Agreement"), which authorizes Patel to operate a Quality Inn® franchise located at 2800 NW Texas Street, Highway 70 West, Idabel, Oklahoma 74745.  Agreement ¶ 1.a, Pl.'s Opp'n Ex. 1, ECF No. 10-1.  In the Agreement, Patel promised, among other things, to pay monthly franchise fees.  *Id.* ¶ 4.b.  At some point, Patel allegedly began failing to remit timely franchise fees, and Choice sent him a Notice of Default via Federal Express to the contractually-appointed Designated Representative (also Patel) at an Oregon address specified in the Agreement and by standard mail to the hotel.  Notice of Default, Pl.'s Opp'n Ex. 2., ECF No. 10-2; Agreement ¶ 1.e.  After Patel failed to cure the default, Choice sent him a Notice of Termination in November 2012 at the Designated Representative's address and at the hotel.  Notice of Termination, Pl.'s Opp'n Ex. 3, ECF No. 10-3.

In January 2015, Choice initiated arbitration proceedings according to the Agreement's terms by serving Patel by certified mail at the Designated Representative's address, *see* Agreement ¶¶ 15, 21; American Arbitration Association (AAA) Comm. Arb. R. 4(g), and received confirmation of receipt, Return Receipt, Pl.'s Opp'n Ex. 4, ECF No. 10-4.  The AAA also issued notices to Patel at the Designated Representative's address.  AAA File 4–5, 8–12, 18, Pl.'s Opp'n Ex. 5, ECF No. 10-5.[1]  Patel failed to participate in the arbitration proceedings, prompting the arbitrator to determine that Patel received due and proper notice and to award Choice over $100,000 in damages.  Ex Parte Award of Arbitrator, Pl.'s Appl. Confirm Ex. 2, ECF No. 1-1.  In May 2016, Choice filed the instant Application requesting confirmation of the award, which Patel now moves to dismiss.

---

[1] Page numbers for citations to the AAA File refer to the CM/ECF page numbers.

**Discussion**

Jurisdiction and Venue

*1. Subject-Matter Jurisdiction*

A party may move to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Federal district courts have jurisdiction over claims involving completely diverse litigants and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a)(1). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1), meaning "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). An individual is a citizen of the state in which he is domiciled. *Gilbert v. David*, 235 U.S. 561, 569 (1915). Patel contends that the court lacks subject-matter jurisdiction over the case, Def.'s Mot. ¶ 8, but does not dispute that Choice is incorporated in Delaware and maintains its principle place of business in Maryland, Pl.'s Opp'n 1. Patel currently resides in Oklahoma and previously resided in Oregon, Def.'s Mot. ¶¶ 1, 8, and Choice seeks to confirm an award of more than $100,000, Pl.'s App. Conf. ¶ 2. Accordingly, I find the Court possesses diversity jurisdiction over the claim.

*2. Venue*

Patel also disputes that venue is proper. Def.'s Mot. ¶ 8. Fed. R. Civ. P. 12(b)(3) provides a vehicle for a party to dismiss an action for improper venue. "Venue is largely a matter of litigational convenience," and can be waived by the Defendant. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006). The Federal Arbitration Act provides that an application to confirm an arbitration award should be made in the judicial district in which the award was made. 9 U.S.C. § 9. The arbitration award was rendered in Maryland in compliance with the

Agreement's terms. Ex Parte Award of Arbitrator; Agreement ¶ 21. Accordingly this Court is the proper venue to resolve this matter.

### 3. *Personal Jurisdiction*

According to Patel, the Court also lacks personal jurisdiction over him. Def.'s Mot. ¶ 8. Pursuant to Fed. R. Civ. P. 12(b)(2), a party may seek dismissal of a claim for want of personal jurisdiction. Whereas subject-matter-jurisdiction requirements cannot be waived, personal-jurisdiction requirements can be. "[A] valid forum selection clause . . . may act as a waiver to objections of personal jurisdiction." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 281 n.11 (4th Cir. 2009); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (noting that "forum-selection provisions [that] have been obtained through freely negotiated agreements and are not unreasonable and unjust . . . do[] not offend due process"). Forum-selection "clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances," *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The Agreement provides that "[j]udgment on the arbitration award may be entered in any court having jurisdiction" and designates Maryland as the location for any arbitration proceedings. Agreement ¶ 21. And, as discussed above, the Arbitration Act provides that an application to confirm an arbitration award should be made in the judicial district in which the award was made. 9 U.S.C. § 9. Choice argues that that the Agreement's terms coupled with the Arbitration Act's terms constitute a valid forum-selection clause that waives any objection on personal-jurisdiction grounds. Pl's Opp'n 12. I agree, and because Patel does not argue that enforcing the Agreement's terms would be unreasonable or unjust, I find that the Court may exercise personal jurisdiction over Patel.

Notice

The central focus of Patel's Motion is his argument that he received inadequate notice of the arbitration proceedings, which he argues accounts for his failure to participate. *See* Def.'s Mot. ¶¶ 1–6; Def.'s Reply ¶¶ 1–9. Parties to arbitration have a right to "notice and an opportunity to be heard." *Seldner Corp. v. W.R. Grace & Co.* 22 F. Supp. 2d 388, 392 (D. Md. 1938) (citing 3 Am. Jur. *Arbitration and Award* § 102). Accordingly, the AAA's Rules of Commercial Arbitration provide that arbitration must be initiated by "serv[ing] on a party by mail addressed to the party or its representative at the last known address or by personal service . . . [or by] overnight delievery or electronic facsimile transmission (fax), or electronic (e-mail). AAA Comm. Arb. R. 43(a)–(b). The Agreement names Patel as the Designated Representative and lists his address as 1030 North Pacific Highway, #99, Cottage Grove, Oregon 97424 and authorizes either party to change the Designated Representative's address by written notice. Agreement ¶¶ 1.e, 15.

The AAA sent arbitration notices to Patel at the Cottage Grove, Oregon address via U.S. mail and certified mail and received confirmation of receipt. AAA File 2–5, 8–12, 18. Patel argues that Choice (and, therefore, the AAA) had actual notice that the Designated Representative's address had changed because the corporation's electronic records identify the hotel's Oklahoma address as the location to which mail should be sent to Patel in his capacity as the hotel's General Manager. Def.'s Reply ¶¶ 2–8; Def.'s Reply Exs. A–G, ECF Nos. 11-1 to -7. Patel does not claim that he provided Choice with written notice of a change to the Designated Representative's address, and it does not strike me as unreasonable at all for Choice to presume that Patel wished to have correspondence concerning his General Manager responsibilities sent

to the hotel and arbitration notices sent to the address that Patel specified in the contract for such notices to be sent. I therefore find that Patel had adequate notice of the arbitration proceedings.[2]

## Failure to State a Claim

It also appears that Patel argues that Choice fails to state a claim for which relief can be granted. *See* Def.'s Mot. ¶ 6. Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As Choice notes, Pl.'s Opp'n 8, the Federal Arbitration Act provides a cause of action for a party to arbitration initiated pursuant to a valid and enforceable arbitration agreement to "apply

---

[2] Patel also argues that he received inadequate notice of the instant action. Def.'s Mot. ¶ 7; Def.'s Reply ¶ 11. For the same reasons, his argument is unavailing.

to the court so specified for an order confirming an award," 9 U.S.C. § 9. The Agreement provides that:

> any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, including any claim that this Agreement or any part of this Agreement is invalid, illegal or otherwise voidable or void, as well as any claim that we violated any laws in connection with the execution or enforcement of this Agreement and any claim for declaratory relief, will be sent to final and binding arbitration . . . .

After Patel failed to appear and provide evidence in the proceeding, an arbitrator issued Choice an award. Ex Parte Award of Arbitrator. Choice then filed an Application to confirm that award. Pl.'s Appl. Confirm. I find that Choice has stated a claim for which relief can be granted.

## **ORDER**

Accordingly, for the reasons stated in this Memorandum Opinion and Order, it is this 16th day of February, 2017, hereby ORDERED that:

1. Defendant's Motion to Dismiss, ECF No. 6, IS DENIED;

2. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendant SHALL FILE an Answer within fourteen (14) days of this Order.

           /S/
    Paul W. Grimm
    United States District Judge

jlb