# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## *Southern Division*

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-16-1316 |
| JITENDRA PATEL | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Choice Hotels International, Inc. ("Choice Hotels") filed an application to confirm arbitration award against Jitendra Patel on May 3, 2016. Complaint, ECF No. 1. Choice Hotels seeks $106,557.06 pursuant to the arbitration award and on August 14, 2018 Choice Hotels filed a Motion for Summary Judgment. Pl.'s Mot., ECF No. 32. Because I have already found that I have jurisdiction to confirm the arbitration award, *see* ECF No. 12, and Defendant has not demonstrated any basis for vacating the award, I will grant Choice Hotel's motion for summary judgment.

### I. BACKGROUND

On August 13, 2015 an arbitration award was entered in favor of Plaintiff Choice Hotels against Defendant Jitendra Patel. *See* Arbitration Award, ECF No. 32-4. The award consisted of $99,177.34 in liquidated damages plus $7,379.72 in arbitration fees for a total of $106,557.06. *See id.* On May 3, 2016, Choice Hotels filed its application to confirm arbitration award against Defendant, within one year of the arbitration award. *See* Complaint. Mr. Patel entered a special

appearance and filed a motion to dismiss on June 6, 2016. ECF No. 6. This Court denied the Motion to Dismiss, and Mr. Patel subsequently filed an Answer to the Complaint on March 6, 2017. Answer, ECF No. 13. After settlement conferences failed to reach a resolution, Choice Hotels filed a Motion for Summary Judgment on August 14, 2018. ECF No. 32. Mr. Patel has failed to respond to or otherwise answer the Motion for Summary Judgment. A hearing is unnecessary to determine the amount of liability given the information provided in the arbitration award. ECF No. 32-4.

## II. STANDARD OF REVIEW

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, No. 12-1722, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). When the nonmoving party does not oppose a summary judgment motion, "those facts established by the motion" are "uncontroverted." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). Nonetheless, the moving party still must demonstrate that, based on those facts, that party is entitled to judgment as a matter of law, because "[t]he failure to respond to the motion does not automatically accomplish this." *Id.*

## III. DISCUSSION

Choice Hotels moves for summary judgment with respect to its arbitration award. The Fourth Circuit stated that

> [j]udicial review of an arbitration award is "severely circumscribed." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006). In fact, the scope of judicial review for an arbitrator's decision "is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all – the quick resolution of disputes and the avoidance of the expense and delay associated with litigation."

*Three S. Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998)). The Federal Arbitration Act provides that

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. "If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set out in [9 U.S.C. § 10]." *Choice Hotels Int'l, Inc. v. Shriji 2000*, No. DKC-15-1577, 2015 WL 5010130, at *1 (D. Md. Aug. 21, 2015) (citing *Apex Plumbing*, 142 F.3d 193). 9 U.S.C. § 10 provides that a court may vacate an arbitration award

1) where the award was procured by corruption, fraud, or undue means;

2) where there was evident partiality or corruption in the arbitrators, or either of them;

3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the

3

controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"[T]he party opposing the award bears the burden of proving the existence of grounds for vacating the award." *Choice Hotels Int'l, Inc. v. Austin Area Hosp., Inc.,* No. TDC01500516, 2015 WL 6123523, at *2 (D. Md. Oct. 14, 2015) (citing *Three S Del., Inc.,* 492 F.3d at 527).

In this case, the parties' franchise agreement includes an arbitration clause which provides, in part, that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, ... will be sent to final and binding arbitration before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum ..." Arbitration Agr., ECF No. 32-1. The arbitration clause further provides that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." *Id.*

Because Choice Hotels filed its demand for arbitration against Defendant seeking damages for a breach of their franchise agreement, the arbitration resolved a dispute within the scope of the parties' arbitration clause. *See* ECF 32. Because the arbitration award was made on August 13, 2015 and Choice Hotels' motion was filed on May 3, 2016, the application for arbitration award was timely. *See* Complaint, ECF 1. Additionally, as described in the arbitration award, Mr. Patel was given due notice of the arbitration but failed to make an appearance. ECF No. 32-4. Mr. Patel also failed to challenge the arbitration award within three months of the award being filed or delivered as required by 9 U.S.C. § 12. I have already ruled that the parties appear to be diverse and the amount in controversy satisfies the jurisdictional

4

minimum for diversity jurisdiction in this Court. *See* ECF No. 12. Thus this Court has jurisdiction to confirm the arbitration award. *See Austin Area*, 2015 WL 6123523, at *2; *Choice Hotels Int'l, Inc. v. Savannah Shakti Corp.*, No. DKC-11-0438, 2011 WL 5118328, at *3 (D. Md. Oct. 25, 2011).

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED.

**ORDER**

Accordingly, it is on this 19th day of December, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

a. Plaintiff's motion for summary judgment, ECF No. 32, is GRANTED.

b. The application of Plaintiff Choice Hotels International, Inc. to confirm arbitration award is GRANTED;

c. The award of $106,557.06 (representing $99,177.34 in liquidated damages plus $7,379.72 in arbitration fees) is CONFIRMED;

d. Judgment shall be entered in favor of Plaintiff Choice Hotels International, Inc. and against Defendant Jitendra Patel in the amount of $106,557.06, plus post-judgment interest at the prevailing rate until paid and costs of $400.00 (representing the court's filing fee);

e. The Clerk will send copies of this Memorandum Opinion and Order to the parties and CLOSE the case.

Paul W. Grimm
United States District Judge

spr